W. M. DICKSON et al., Appellees, v. J. R. COOPER et al., Appellants.

CHATTEL MORTGAGES: Validity—Mortgage by Nonresident on Exempt Property Without Joinder by Wife. A chattel mortgage, executed in a foreign state by a nonresident of this state, without his wife's joining therein, and upon property which would have been exempt from general execution had the mortgagor been a resident of this state, instantly attaches and *continues* as a valid lien on such property, even though, shortly prior to its execution, the mortgagor had been a resident of this state, and, shortly subsequent to its execution, returned and became such resident in compliance with the agreement attending the execution of said mortgage. (See Section 2906, Code, 1897.)

PRESTON, J., dissents.

*Appeal from Taylor District Court.*—THOMAS L. MAXWELL, Judge.

SATURDAY, OCTOBER 20, 1917.

SUIT to enjoin the foreclosure of a chattel mortgage and the sale of property covered thereby. Decree for plaintiff. Defendant appeals.—*Reversed.*

*Wm. M. Jackson* and *G. B. Haddock,* for appellants.

*Flick & Flick,* for appellees.

STEVENS, J.—The plaintiff W. M. Dickson was a tenant
of the defendant J. R. Cooper's during the year 1915, and

CHATTEL MORT-
GAGES: valid-
ity: mort-
gage by non-
resident on
exempt proper-
ty without
joinder by
wife.

his co-plaintiff is his wife. Plaintiff agreed
to pay the defendant, as rental for the de-
mised premises, $1,825, and otherwise be-
came heavily indebted to the defendant. On
September 4, 1915, plaintiff executed his
promissory note to defendant for $4,874.34,
due February 1, 1916. At the time of the execution of the
above note and mortgage, the plaintiff and his wife, who
had clandestinely left the state of Iowa after disposing of
the larger part of all his personal property, except that
taken with him, went to Andrew County, Missouri, prob-
ably to reside. He was pursued by the defendant, who in-
stituted an attachment suit in that county, where plaintiff
executed the note and mortgage in question, covering all of
the personal property he had in Missouri and all that he
left undisposed of in Iowa, for the purpose of securing the
payment of said note. At this time, the property was in
possession of the sheriff under a writ of attachment.

The note is dated "Conway," and made payable at the
Farmers Bank, Conway, Iowa. The mortgage describes the
parties as residents of Iowa. A stipulation was entered
into between the parties by which plaintiff agreed to re-
turn to Iowa, and, upon the return of the property to Iowa,
the attachment was to be released. The note and mortgage
were delivered to defendant immediately upon the execution
thereof, and the mortgage later recorded in Taylor County,
Iowa. The property was returned to the demised premises,
and plaintiff and his wife returned and resided thereon.
Later, when defendant undertook to enforce a sale of the
mortgaged property, this suit was brought to enjoin the

enforcement of the same, upon the ground that plaintiff was a resident head of a family, and that his wife did not sign the mortgage, and that the property sought to be sold was exempt to him. The evidence satisfactorily shows that plaintiff left Iowa with the intention of avoiding payment of the indebtedness due the defendant, and that, at the time of the execution of the note and mortgage, he was, whether a resident of Missouri or not, a nonresident of the state of Iowa.

The contention on behalf of appellee is that the contracts executed were to be performed within the state of Iowa, were executed in contemplation of the immediate return of plaintiff and the property in question to the state of Iowa, and that, therefore, the contract is, in its inception, an Iowa contract, and must be construed according to the laws of this state, and that, as a mortgage upon exempt property is not valid in Iowa unless signed by the wife, the mortgage, in so far as the property in controversy is concerned, is void, as it is conceded that the same would be exempt to plaintiff from sale under a general execution.

Appellant contends that, at the time of the execution of the contract, plaintiffs were residents of Missouri, and that, under the laws of that state, it was not necessary to the validity of the mortgage that same be signed by the wife, even though covering property exempt in that state from execution. In the view we take of the matter, it is immaterial whether the mortgage is construed according to the laws of Missouri or the laws of Iowa. If construed according to the former, it is clearly valid, and if construed according to the laws of Iowa, is is likewise valid. Without reference to the laws of which state the contract is construed under, its validity must be determined as of the time same was delivered and became effective, if at all, as a lien upon the property.

It is not claimed that the mortgage was invalid under

the laws of the state of Iowa on any other ground than that the property was exempt from general execution at the time of the institution of this suit. As to all other property described in the mortgage, it was valid without the signature of the wife. The question, then, conceding that the contract must be construed according to the laws of Iowa, is: Did the mortgage, at the time of its execution and delivery, become a valid lien upon the property described therein? Suppose the property covered by the mortgage in question had been returned to Iowa, but plaintiffs had continued to be nonresidents of this state, or suppose the mortgage had been executed by nonresidents of this state upon property wholly within the state of Iowa, and, by express provision, the contract was to be performed in this state, and the mortgagors did not subsequently become residents thereof, would not the mortgage in either case have created a valid lien upon the property? The exemption laws of this state are to residents thereof only, and the question presented upon this appeal is, Did the mortgage, executed at a time when plaintiffs were nonresidents of the state of Iowa and could make no claim of exemptions in this state, become a valid lien upon the property? There would seem to be but one answer to this question. If, then, the mortgage became a valid lien upon the property at the time of its execution, the only remaining question for consideration is, Was the lien destroyed by the subsequent removal of plaintiffs to the state of Iowa?

It is contended by counsel for appellees that exemption statutes are to be applied as of the time of the enforcement of the contract. No doubt, the necessity for claiming the exemption did not arise until the mortgagee sought to enforce the lien of his mortgage. No authority is cited to the point that a valid lien upon personal property ceased to be such by the removal to the state of Iowa of the mort-

gagor, who was a nonresident when the instrument was executed. The cases cited by counsel are not in point. It is undoubtedly true that the judgment debtor need not claim the exemption of his property when a sale is threatened under general execution, until a levy has been made thereon. The right to the exemption would depend upon the facts shown to exist at the time of such levy, but that is not the situation presented in this case. At the time of the execution of the mortgage, plaintiffs were nonresidents of the state of Iowa and could make no claim to exemptions in this state. The mortgage was valid under the laws of Iowa when executed, and a valid lien was created thereby upon the property in question without the wife's joining therein, and was not affected by plaintiffs' subsequent removal to Iowa. The property is, of course, exempt from sale under a general execution, but is subject to the lien of appellant's mortgage.

For the reasons stated, the judgment of the lower court should be, and is,—*Reversed.*

GAYNOR, C. J., LADD AND WEAVER, JJ., concur.

PRESTON, J. (dissenting). I dislike to dissent. I would be willing to concede that the question is close. I am of opinion that the mortgage should, under the record, be held to be an Iowa contract. True, it was signed in Missouri, and Dickson had absconded, but some of the property covered by the mortgage had not been taken from Iowa; some of it was in Missouri, but held by the sheriff under attachment until it was returned to Iowa. The mortgage recites that Dickson is a resident of Iowa. It was recorded in Iowa. Dickson did return to Iowa with his family. It was contemplated by the parties, at the time the mortgage was signed, that all these things should be done, as they were. I think it was contemplated that the mortgage should not be effective until the things enumerated were done. To all

intents and purposes, though the mortgage was signed in Missouri, it was really executed and to take effect in Iowa. At that time Dickson was, and is now, a resident of Iowa and the head of a family. The contract must be enforced here if at all. Dickson himself may not be entitled to much consideration, but the exemption laws are for the benefit of the family, and should be liberally construed in favor of the debtor.